

Minister of Justice
and Attorney General of Canada

Ministre de la Justice
et procureur général du Canada

The Honourable / L'honorable Peter MacKay, P.C., Q.C., M.P. / c.p., c.r., député
Ottawa, Canada  K1A 0H8

OCT 1 7 2013

John Norris
Barrister
Simcoe Chambers
116 Simcoe Street, Suite 100
Toronto, Ontario
M5H 4E2

Dear Mr. Norris:

I write in response to your submissions made on behalf of your client, Mr. Han Cavan, regarding his potential surrender to the United States of America.

By diplomatic note dated September 14, 2012, the United States requested the extradition of Mr. Cavan, a Canadian citizen born on July 22, 1968, to stand trial before the United States District Court for the Southern District of New York on the following offence:

- Conspiracy to distribute and possess with intent to distribute cocaine, in violation of Title 21, United States Code, sections 812, 841(a)(1), 841(b)(1)(A) and 846 (count 1).

The evidence provided by the U.S. authorities in support of the extradition request alleges that in the fall of 2008, the United States Drug Enforcement Administration (DEA) began an investigation into the activities of Mr. Cavan, after Mr. Cavan contacted a DEA confidential witness (CW1) regarding the purchase of cocaine. The DEA recorded numerous telephone calls between Mr. Cavan and CW1 during which arrangements were allegedly made for the purchase of 17 kilograms of cocaine.

More specifically, arrangements were allegedly made for a driver, later identified as William Hicks, to transport the money from Canada to New York for the purchase of the cocaine. Mr. Hicks was to deliver money in New York and then return to Canada with the cocaine.

It is alleged that on November 10, 2008, Jo Van Lo, one of Mr. Cavan's associates, contacted CW1 to inform him that the driver had left Canada and was heading to New York with the money to pay for the cocaine. Mr. Van Lo also told CW1 that the money would be in a hidden compartment of the driver's vehicle. That night, Mr. Van Lo met CW1 in New York and provided CW1 with a key to access the hidden compartment. CW1 was to retrieve the money and fill the compartment with the cocaine. On the same day, Mr. Hicks was intercepted by the

Canada

United States Customs and Border Protection as he entered the United States and was found in possession of $458,140 in U.S. currency.

Despite this failed attempt, it is alleged that Mr. Cavan continued to call CW1 to discuss future narcotics transactions. On October 14, 2009, Mr. Cavan allegedly informed CW1 that two of his associates would be coming to meet with CW1 to purchase 10 kilograms of cocaine at $25,000 per kilogram and his associates would have the money to purchase the cocaine. Mr. Cavan further advised that if the quality of the cocaine was good, his associates would take it all during the meeting and would purchase 20 kilograms more in the future.

On November 16, 2009, it is alleged that CW1 and an undercover officer met with Mr. Cavan's associate, John Mawhinney, in Tanawanda, New York. During the meeting, Mr. Mawhinney inspected one kilogram of cocaine, obtained a sample of the cocaine and took it with him. The next day, while inside his vehicle, Mr. Mawhinney showed CW1 a duffle bag containing the money in order to complete the cocaine transaction. Mr. Mawhinney was immediately arrested by DEA agents.

On December 13, 2012, an Authority to Proceed (ATP) was issued pursuant to the *Extradition Act* (the Act) authorizing extradition proceedings against Mr. Cavan before the Ontario Superior Court of Justice. The ATP identified the following Canadian offence as corresponding to the conduct allegedly committed by Mr. Cavan, namely:

- Conspiracy to traffic in a substance listed in Schedule I of the *Controlled Drugs and Substances Act*, contrary to section 5 of said Act and section 465 of the *Criminal Code*.

On June 7, 2013, Mr. Cavan consented to his committal for extradition. Accordingly, the Honourable Mr. Justice Michael G. Quigley of the Superior Court of Justice (Toronto Region) (the extradition judge) ordered your client's committal for extradition on the offence set out in the ATP.

On August 30, 2013, and December 4, 2013, you made submissions to me on Mr. Cavan's behalf. I wish to thank you for the submissions which you have put before me. Your submissions have assisted me in carrying out my responsibilities under the Act.

As a preliminary matter, you request that I provide disclosure of certain information and material so that you are able to fully develop Mr. Cavan's case against surrender.

You submit that I should decline to order Mr. Cavan's surrender to the United States and discharge him from the extradition proceedings pursuant to section 48(1) of the Act on the following two grounds:

- Surrender would constitute a breach of section 7 of the *Canadian Charter of Rights and Freedoms* (the Charter) and be unjust or oppressive pursuant to section 44(1)(a) of the Act on the basis of the delay;
- Mr. Cavan's Charter right to remain in Canada.

3

My discretion to refuse surrender is justifiable only on compelling grounds related to specific provisions of the Act, the *Treaty on Extradition between Canada and the United States of America* (the Treaty) or where surrender would be contrary to the principles of fundamental justice as guaranteed by the Charter.

I have given full consideration to this case and the relevant law. After careful review of all the materials before me, I have decided to order Mr. Cavan's surrender to the United States. My reasons for arriving at this conclusion are discussed below.

**Disclosure**

You have requested disclosure of all documentation or information that is to be placed before me for my consideration which was not already provided to Mr. Cavan during the extradition proceedings. You have also requested an opportunity to comment on any disclosure that is provided, and a general description of, and basis for, any material that is being withheld. You submit that as part of the duty of fairness owed to Mr. Cavan, I must consider all relevant information, provide adequate disclosure, and provide Mr. Cavan with a reasonable opportunity to state his case.

You have also requested that I inform myself of the current status of the prosecution of Mr. Cavan's co-accused in this matter, and disclose this information to Mr. Cavan.

Finally, you request disclosure of any *Cotroni* assessment prepared in relation to this matter, including the date of the assessment and all supporting information.

I note that the Supreme Court of Canada has confirmed that a person sought is not entitled to disclosure of the *Cotroni* assessment in order to ascertain why the Crown exercised its discretion not to prosecute him or her (*United States of America v. Whitley,* [1996] 1 SCR 467; and *Sriskandarajah v. United States of America,* [2012] 3 SCR 609).

Indeed, the decision to prosecute is a matter of prosecutorial discretion and is reviewable only on very narrow grounds, and such a review will be "extremely rare" (*R. v. Power,* [1994] 1 SCR 601; *Whitley, supra*; and *Sriskandarajah, supra*). However, further disclosure may be warranted where there is an air of reality of a Charter violation or an abuse of process (*United States of America v. McAmmond* (2005), 192 CCC (3d) 149 (Ont. C.A.); and *Sriskandarajah, supra*).

I see no evidence to indicate that the United States request for Mr. Cavan's extradition was made in bad faith or for an improper purpose. Nor has Mr. Cavan presented any evidence of bad faith or improper motive on the part of Canadian authorities, or established how the requested disclosure will substantiate his submissions.

As you have noted in your submissions to me, to meet the duty of procedural fairness that I owe to Mr. Cavan, I must ensure that he has "adequate disclosure of the case against him" and a "reasonable opportunity to state his case" (*Whitley, supra*; and *Sriskandarajah, supra*). In

practical terms, this means you are entitled to, and have been provided with, a copy of all of the materials which have been provided to me, except a privileged legal opinion prepared by my officials for me. Specifically, you received a summary of the evidence against Mr. Cavan in the form of the Record of the Case (ROC), which was relied upon at the extradition hearing. You were also provided with a copy of the Summary of the Case and Submissions and Supplementary Summary of the Case and Submissions, which include information on the status of Mr. Cavan's co-accused and the conclusion of the competent Canadian prosecuting authority's *Cotroni* assessment that prosecution on the allegations would be most effective if pursued against Mr. Cavan in the United States.

Accordingly, I am satisfied that Mr. Cavan has been provided with all of the disclosure to which he is entitled under Canadian law, and that no further disclosure is necessary to satisfy his right to procedural fairness.

**Delay**

You indicate that at the time of the alleged offence, Mr. Cavan was on parole in relation to a prison sentence of over eight years imposed for a drug related conviction that had been transferred to Canada from the United States pursuant to the *Treaty between Canada and the United States on the Execution of Penal Sentences*. You point out that on November 25, 2009, a warrant for the suspension of Mr. Cavan's parole was issued by Canadian authorities on the basis that Mr. Cavan was allegedly engaging in criminal conduct while on parole in Canada (Canadian warrant).

You indicate that on November 26, 2009, Mr. Cavan was arrested pursuant to the Canadian warrant. However, you note that the evidence provided in the ROC in support of the extradition request was only certified on December 3, 2012, which is over three years following Mr. Cavan's arrest on the Canadian warrant. You submit that the delay has not been sufficiently explained.

You submit that it would offend the community's sense of fair play and decency, and be an abuse of process, to further deprive Mr. Cavan of his liberty and subject Mr. Cavan to prosecution in the United States given the loss of liberty he suffered for over three years while the United States "apparently did nothing to pursue this matter." You also submit that Canadian officials "did nothing to see that the matter moved forward notwithstanding the direct, adverse impact of the fact of U.S. charges on Mr. Cavan's liberty in Canada since 2009."

In sum, you submit that it would be "unjust and oppressive", pursuant to section 44 of the Act and would unjustifiably infringe his rights under section 7 of the Charter to surrender Mr. Cavan to the United States to face prosecution.

I note that where delay is attributable to foreign authorities, the appropriate analysis is a determination of whether the delay amounts to an abuse of process (*Argentina v. Mellino,* [1987] 1 SCR 536).

To find an abuse of process, there must be evidence of bad faith or improper motive on the part of the foreign authorities. As stated by the Supreme Court of Canada, such a finding will be "extremely rare" and must only be made in the "clearest of cases" (*United States of America v. Cobb*, [2001] 1 SCR 587; *R. v. Power, supra*). Additionally, it must be shown that the delay resulted in actual prejudice of such magnitude that the public's sense of decency and fairness is affected (*Blencoe v. British Columbia (Human Rights Commission)*, [2000] 2 SCR 307).

In light of your submissions, information was sought from the Office of International Affairs, United States Department of Justice (USDOJ), regarding the delay in this case. American authorities advised that on November 19, 2009, an indictment was filed in the United States District Court for the Southern District of New York (SDNY) charging Messrs. Cavan, Mawhinney, Van Lo, Hicks, and Adam Kaup with conspiracy to distribute and possess with intent to distribute cocaine. I note that since the conspiracy allegedly took place between the fall of 2008 and November 17, 2009, charges were laid within days of the alleged conspiracy.

American authorities advised that between November 2009 and September 2010, the Assistant United States Attorney (AUSA) had to conduct further investigations to gather additional evidence in support of the charges prior to seeking the extradition of Messrs. Cavan, Hicks and Van Lo.

Furthermore, the U.S. authorities indicated that starting in September 2010 and continuing on until November 2011, the extradition materials were prepared and coordinated between the AUSA for the SDNY and counsel for the Office of International Affairs, USDOJ. In November 2011, they learned that an AUSA from the Western District of New York (WDNY) was working on an extradition request for one of Mr. Cavan's co-defendants, Mr. Hicks. As a result, the AUSA for the SDNY, the AUSA for the WDNY and counsel for the Office of International Affairs, USDOJ needed time to consult further amongst each other.

The extradition request for Mr. Hicks related to the charges in the WDNY was eventually made in June 2012 and the extradition request for Messrs. Cavan, Hicks and Van Lo in relation to the charges in the SDNY was made in September 2012.

Your submissions are to the effect that the delay caused Mr. Cavan to be re-incarcerated for at least three years as a result of his parole having been suspended and revoked by order of the Parole Board of Canada (PBC). However, you have not presented any evidence to suggest that the U.S. authorities were involved in the parole suspension or revocation proceedings in Canada, other than to provide information to Canadian authorities. In particular, your materials indicate that the DEA provided information to Canadian officials concerning Mr. Cavan's alleged involvement in cocaine trafficking while on parole. The U.S. authorities also provided updates at the request of Canadian officials on the status of their extradition request.

Your materials reveal that Mr. Cavan's parole was not only revoked by the PBC because of information suggesting his involvement in drug trafficking but also because he violated a condition of his parole not to associate with a certain individual or individuals. Moreover, the

delay in seeking Mr. Cavan's extradition did not bring about the parole suspension; it was Mr. Cavan's alleged conduct itself.

With respect to your submission that Canadian authorities did nothing to advance this matter while the pending U.S. charges prevented Mr. Cavan from being released on parole, I note that an earlier extradition request would not have changed the fact that the U.S. charges would still have been pending until at least such time as Mr. Cavan was surrendered to the United States. With respect to persons sought serving sentences in Canada, I note that section 64 of the Act provides that, unless I order otherwise, a surrender order does not take effect until after the person has been discharged whether by expiry of the sentence or otherwise. Your materials indicate that Mr. Cavan was not eligible for statutory release until September 5, 2013, and that his sentence does not expire until July 27, 2015. In the circumstances, it is not apparent that an earlier request for extradition would have resulted in Mr. Cavan's earlier release from custody in relation to the sentence he is currently serving in Canada.

I am satisfied that the three-year delay in this case (from the date of Mr. Cavan's arrest on November 26, 2009, to the request for his extradition on September 14, 2012, and which was perfected when the ROC was certified on December 3, 2012) was not as a result of bad faith, or for an improper motive. Therefore, there is no basis to conclude that the conduct of Canadian or American authorities was abusive.

I have considered whether Mr. Cavan has been prejudiced by the delay. The Supreme Court of Canada has determined that only delay which impairs the ability of the person sought to adequately prepare for an extradition hearing is relevant to my decision on surrender. You have not provided me with any evidence to suggest that Mr. Cavan's ability to defend himself in the Canadian extradition proceedings has been prejudiced by delay. Any other delay, and in particular delay which impacts on the ability of the defendant to present a full answer and defence, should be addressed at trial in the foreign state (*United States v. Allard*, [1987] 1 SCR 564).

Moreover, the American authorities advised that under the Sixth Amendment to the United States Constitution, an accused person has the right to a speedy trial. As a result, according to U.S. authorities, Mr. Cavan will have a full and fair opportunity to raise the issue of delay, and any alleged violation of his rights before the United States courts.

Additionally, any prejudice to Mr. Cavan must be weighed against Canada's international obligations to the United States. The charges against Mr. Cavan are serious, and absent some compelling or constitutional reason, the right of the United States to prosecute offenders, in accordance with its own laws, should be respected.

In conclusion, it has not been established that the delay in this case amounts to an abuse of process or that Mr. Cavan's surrender under the circumstances would be "shocking to the conscience" of Canadians, be "simply unacceptable" or contrary to the principles of fundamental justice.

Accordingly, I am of the view that Mr. Cavan's surrender cannot be denied on the basis of delay.

**Mr. Cavan's rights under section 6 of the Charter**

You submit that Mr. Cavan's surrender to the United States would be an "unjustifiable limitation" on his rights as a Canadian citizen pursuant to section 6(1) of the Charter.

You refer to the decision of the Supreme Court of Canada in *United States of America v. Cotroni,* [1989] 1 SCR 1469, and identify some factors which favour or once favoured prosecution in the United States, such as the U.S. law enforcement agencies' role in the development of the case and the laying of charges. You also identify some factors as neutral, such as the fact that any evidence located in the United States is presumably mobile and can easily be made available for a prosecution in Canada, and the ability of the Canadian justice system to deal with the matter.

You emphasize several significant factors which you submit favour prosecution in Canada on the conduct for which Mr. Cavan's extradition is sought by the United States, namely that:

- Mr. Cavan is a Canadian citizen and resident of Canada;
- all of his alleged conduct occurred in Canada; and
- the impact of the offence, had the drug transaction been completed, would have been felt in Canada, which was the alleged destination of the drugs.

In considering whether Mr. Cavan should be surrendered, I have considered whether surrender would unjustifiably violate his constitutional right to remain in Canada as guaranteed by section 6(1) of the Charter and the principles laid down by the Supreme Court of Canada in its decisions in *Cotroni, supra; United States of America v. Kwok,* [2001] 1 SCR 532; and *Lake v. Canada (Minister of Justice),* [2008] 1 SCR 761.

In this case, the documentary evidence submitted by the United States in support of its extradition request was provided to counsel with the Public Prosecution Service of Canada (PPSC) at the Ontario Regional Office, the competent authority to conduct a prosecution against Mr. Cavan in this matter. Counsel considered the factors identified by the Supreme Court of Canada in *Cotroni* and determined that prosecution in respect of the conduct for which Mr. Cavan's extradition is sought by the United States would be more effective if pursued in the United States.

Notwithstanding the conclusions of counsel for the PPSC, however, I must ensure that the decision to prefer extradition over domestic prosecution does not unduly infringe upon Mr. Cavan's rights under section 6(1) of the Charter (*Cotroni, supra; Lake, supra*). In Mr. Cavan's case, I accept that the Canadian prosecutorial authorities have acted in good faith by yielding to the interests of the United States in prosecuting Mr. Cavan for the conduct alleged in the extradition request. In my view, the United States has a legitimate interest in

protecting its public and maintaining public confidence in its criminal justice system through prosecution of Mr. Cavan on these charges.

According to the extradition request, Mr. Cavan participated with others in a cross border transaction to smuggle large quantities of cocaine from the United States into Canada. While you argue that as a result, the impact of his activities would have been felt in Canada, I accept, however, that the Canadian authorities have yielded in good faith to the interests of the United States' authorities in prosecuting this matter. I see nothing improper in Mr. Cavan being prosecuted in the United States. DEA agents ultimately monitored and arrested Mr. Cavan's alleged co-conspirators who were responsible for receiving the cocaine. United States' law enforcement seized the drugs, which were analyzed and found to be cocaine. The United States has an understandable and legitimate desire to protect its residents from the harmful effects of trafficking in illegal substances such as cocaine.

I am mindful of the fact that the charges against Mr. Cavan stem from an investigation initiated by the United States. It is also significant that key evidence and witnesses in this case are located in the United States, including the evidence of U.S. law enforcement officers, the cooperating witnesses, the undercover officer, the drugs and drug analysis reports. The DEA conducted its own investigation into this matter, having obtained wiretap authorizations, conducted surveillance and undercover operations which subsequently led to the identification of Mr. Cavan who resides in Canada as a central figure for the source of the drugs.

Moreover, as a result of the proper exercise of prosecutorial discretion, there are no criminal proceedings currently pending against Mr. Cavan in Canada on the conduct for which his extradition is sought. By contrast, there are charges pending against him in the United States District Court for the Southern District of New York, and his extradition has been sought from Canada so that he may face prosecution there.

Finally, in light of your submission seeking further information on the status of any co-accused involved in this matter, I am advised that Mr. Cavan's two indicted co-conspirators who were arrested in the United States, Messrs. Mawhinney and Kaup, are both Canadian and have pleaded guilty and been sentenced in the United States. The remaining indicted co-conspirators, Messrs. Hicks and Van Lo, who are both Canadian, were sought for extradition and on August 20, 2013, and September, 2013, respectively, they were conveyed to the United States. I am further advised that, as yet, no date has been set for their trial.

It is therefore in the interests of fairness and consistency for Mr. Cavan to face justice in the same jurisdiction as his co-accused.

In sum, the United States' significant interest in prosecuting this case, the location of key evidence in the United States, and the absence of criminal proceedings against Mr. Cavan in Canada strongly militate in favour of surrender. I am, therefore, satisfied that surrendering Mr. Cavan to stand trial in the United States would not unjustifiably violate his section 6(1) Charter rights.

9

Based on the totality of the information before me, including my assessment of the *Cotroni* factors, as applied to the facts of this case, as well as Canada's treaty obligations, it is my view that Mr. Cavan's surrender to the United States would not be an unjustifiable violation of his section 6(1) Charter rights.

**Conclusion**

I have considered, both separately and cumulatively, all of the submissions that you have made on Mr. Cavan's behalf.  I conclude that Mr. Cavan's surrender would not be "unjust or oppressive" or contrary to either the Treaty or the principles of fundamental justice.  I have also determined that there are no other considerations which would justify ignoring Canada's obligations under the Treaty.

The extradition judge has determined that the conduct which underpins the American offence for which extradition is sought would be criminal had it occurred in Canada. Accordingly, I have signed warrants ordering Mr. Cavan's surrender on the following offence:

- Conspiracy to distribute and possess with intent to distribute cocaine, in violation of Title 21, United States Code, sections 812, 841(a)(1), 841(b)(1)(A) and 846 (count 1).

Thank you for bringing the particular circumstances of Mr. Cavan's case to my attention.

Yours truly,

The Honourable Peter MacKay