UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X     09 Cr. 1120 (PKC)
UNITED STATES OF AMERICA

**MEMORANDUM   IN   SUPPORT   OF
MOTION TO DISMISS PURSUANT**
         v.                                         **TO F. R. Cr. P. 12(b)(3)(A)(iii); 48(b)(3)**


Han Cavan,

                              Defendant.
---------------------------------------------------------X

Defendant Han Cavan, files this memorandum of law in support of her Motion to Dismiss

the indictment based on the violation of his rights under the Sixth Amendment to the United States

Constitution to a Speedy Trial.

<u>**PRELIMINARY STATEMENT**</u>

On or about November 5, 2015, Han Cavan was extradited to the United States from Canada

to face charges contained in an indictment filed six years earlier, on November 19, 2009.  Although

the indictment had been filed on November 19, 2009, the Government failed to request Mr. Cavan's

extradition from Canada until September 14, 2012, nearly three years later.  This is so, even though

the Government knew that he was on parole in Canada from a U.S.-imposed sentence at the time of

his indictment, and even though the Government knew that Mr. Cavan was re-incarcerated in Canada

as of November 26, 2009, based solely on the allegations in the November 19, 2009, indictment and

on information provided by the D.E.A. to Canadian authorities related to that indictment.

Mr. Cavan pleaded guilty on June 30, 2006, in the United States District Court for the

District of Minnesota to violating the federal narcotics trafficking laws.  On November 20, 2006, he

was sentenced to a term of 117 months incarceration and three years of Supervised Release.  On June

26, 2008, Mr. Cavan was transferred to Canada to serve the remainder of his sentence, pursuant to the bilateral treaty between the United States and Canada concerning the transfer of sentenced prisoners. Mr. Cavan was granted day parole and then, on October 2, 2009, full parole by the Canadian authorities. However, a little over six weeks later, the instant indictment was filed in the Southern District of New York, charging Mr. Cavan with conspiracy to violate the United States' narcotics laws. Mr. Cavan's parole was suspended and he was re-incarcerated in Canada, based on the allegations in the indictment and the information provided by the D.E.A., on November 26, 2009, only one week after the filing of that indictment. Yet the Government failed to request that Canada surrender Mr. Cavan to the United States until almost three years later, on September 14, 2012.

Through Canadian counsel, Mr. Cavan objected to extradition, in part, on the ground of the United States' undue and excessive delay in requesting his extradition. Nevertheless, on or before December 12, 2013, the Minster of Justice signed Orders for Mr. Cavan's surrender to the United States. By decision dated October 2, 2015, the Court of Appeal For Ontario denied Mr. Cavan's appeal of the Minister's decision. Mr. Cavan was finally extradited to the United States on November 5, 2015, nearly six years following the his indictment.

The protracted delay of nearly six years in bringing Mr. Cavan to trial and three years in requesting Mr. Cavan's extradition cannot be justified. Furthermore, the delay is both presumptively and actually prejudicial to Mr. Cavan' ability to mount a defense in this case. Accordingly, Mr. Cavan's right to a Speedy Trial guaranteed by the Sixth Amendment has been violated. The indictment against him, consequently, must be dismissed. Barker v. Wingo, 407 U.S. 514, 522 (1972).

## SUMMARY OF FACTS

The facts relevant to this motion are contained in the Affidavits of undersigned counsel Arnold J. Levine, and the defendant Han Cavan in support of this motion, which are incorporated by reference in their entirety.

## ARGUMENT

Mr. Cavan' Sixth Amendment right to a Speedy trial was violated by the Government's thirty-four months post-indictment delay in requesting his extradition from Canada. The Sixth Amendment to the United States Constitution guarantees to criminal defendants "the right to a speedy trial." See U.S. Const. Amend. VI; see also Doggett v. U.S., 505 U.S. 647, 651 (1992). Moreover, the Supreme Court has recognized that "'the right to a speedy trial is as fundamental as any of the rights secured by the Sixth Amendment.'" Moore v. Arizona, 414 U.S. 25, 27-28 (1973) (quoting Klopfer v. North Carolina, 386 U.S. 213, 223 [1967]); see Barker, 407 U.S. at 515.

In Barker, the Supreme Court set forth the now familiar four-factor balancing test for determining whether a particular defendant's constitutional right to a speedy trial has been violated, which "necessarily compels courts to approach speedy trial cases on an *ad hoc* basis." Barker, 407 U.S. at 530; see Vermont v. Brillon, 556 U.S. 81, 91 (2009). The four factors identified in Barker, and further explained in Doggett, are "whether the delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for the delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." Doggett, 505 U.S. at 651 (citing Barker, 407 U.S. at 530). In stressing that this test is one requiring balancing of the four factors, the Court stated that it "regard[s] none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right to a

speedy trial." <u>Barker</u>, 407 U.S. at 533.  Of particular importance, the Court has repeatedly "rejected the notion that an affirmative demonstration of prejudice was necessary to prove a denial of the constitutional right to a speedy trial."  <u>Moore</u>, 414 U.S. at 26; <u>see</u> <u>Doggett</u>, 505 U.S. at 657-58; <u>Barker</u>, 407 U.S. at 533.  A balancing of those four factors in this case leads to the conclusion that Mr. Cavan's constitutional right to a speedy trial has been violated.

**1.  The Delay Between Mr. Cavan's Indictment and the Government's Request For His Extradition Was Uncommonly Long.**

The first factor weighs heavily against the Government.  As explained by the Supreme Court, this first factor "is actually a double enquiry." <u>Doggett</u>, 505 U.S. at 651.  The first of these inquiries is really a threshold question, as the court considering the dismissal motion does not reach the four factors unless the defendant first "allege[s] that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." <u>Id.</u> at 651-52.  Once the defendant has made that showing, "the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." <u>Id.</u> at 652.  As explained in <u>Doggett</u>, this second inquiry is especially significant because it also impacts the prejudice factor, in that "the presumption that pretrial delay has prejudiced the accused intensifies over time." <u>Id.</u>

As to the first of the two inquiries under the first factor, the delay of nearly three years between indictment and the request for Mr. Cavan's extradition surely suffices to trigger the speedy trial analysis.  <u>See</u> <u>Doggett</u>, 505 U.S. at 652 n.1 (noting that "[d]epending on the nature of the charges, the lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year"); <u>United States v. Leaver</u>, 358 F. Supp. 2d 255, 269 n.107 (S.D.N.Y.

2004) (citing United States v. Vassell, 970 F.2d 1162, 1164 [1992], for the proposition that "there is a general consensus that a delay of over eight months is presumptively prejudicial"); United States v. Ostroff, 340 F. Supp. 2d 362, 366 (S.D.N.Y. 2004) (same).

The next inquiry, therefore, is the extent to which the three-year delay between indictment and request for extradition in this case "stretches beyond the bare minimum needed to trigger judicial examination of the claim." Doggett, 505 U.S. at 652. At 34 months, the delay in this case was more than four times longer than what is considered "presumptively prejudicial" in this Circuit, see Leaver, 358 F. Supp. 2d at 269 n.107 (citing Vassell, 907 F.2d at 1164), and more than three times longer than what the Supreme Court recognized as the "presumptively prejudicial" threshold, see Doggett, 505 U.S. at 652 n.1. The first factor, therefore, weighs heavily against the Government and in favor of finding a constitutional violation. See, e.g., United States v. Heshelman, 521 Fed. Appx. 501, 509 (6th Cir. 2013) (weighing heavily against the Government its thirty-three to thirty-four month delay in seeking the defendant's extradition from Switzerland); United States v. Erenas-Luna, 560 F.3d 772, 776 (8th Cir. 2009) (agreeing with district court's finding that three year delay between indictment and arrest weighed in favor of the defendant); United States v. Ingram, 446 F.3d 1332, 1337, 1338 (11th Cir. 2006) (concluding that two-year delay weighs against the Government); United States v. Pomeroy, 822 F.2d 718 (8th Cir. 1987) (affirming district court's finding that Government's two-year delay in seeking the defendant's extradition from Canada favored dismissal); United States v. Moreno, 997 F. Supp. 2d 165, 174 (N.D.N.Y. 2014) (delay of 837 days was "uncommonly long" and weighed against the Government).

## 2.  The Government is to Blame For the Delay.

The second factor also weighs against the Government.  The second factor to be considered is whether the Government or the defendant is to blame for the delay.  The Supreme Court has referred to this factor as "[t]he flag all litigants seek to capture."  United States v. Loud Hawk, 474 U.S. 302, 315 (1986).  Indeed, some courts have stated that this factor "'drives the ultimate balancing of factors and hence resolution of the speedy trial issue.'"  Moreno, 997 F. Supp. 2d at 181 (quoting United States v. Fernandez, 618 F. Supp. 2d 62, 74 [D.D.C. 2009]).  In this case, the flag clearly belongs in the defendant's camp.

First, it is clear that the Government had "a constitutional duty to make a diligent, good-faith effort to bring" the defendant to trial.  Smith v. Hooey, 393 U.S. 374, 383 (1969); see also Doggett, 505 U.S. at 652-53; United States v. Ocampo, 266 Fed. Appx. 63, 65 (2d Cir. 2008).  Second, it is likewise clear that "[t]he government is obligated to act diligently even when the defendant is located in a foreign country."  Heshelman, 521 Fed. Appx. at 507; Leaver, 358 F. Supp. 2d at 265; Pomeroy, 822 F.2d at 721; Cf. Hooey, 393 U.S. at 382-83 (holding that Texas was required to make a diligent, good-faith effort to obtain the defendant's presence in Texas from a federal prison in Kansas, where he was serving a sentence).  Thus, Mr. Cavan's mere status as a prisoner in Canada did not deny him the protection afforded by the Sixth Amendment right to a speedy trial.

Moving on, then, to which side is to blame for the delay, the Supreme Court has stated that "different weights should be assigned to different reasons" for the delay.  Barker, 407 U.S. at 531.  Whereas

> [a] deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. . . . A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless

6

should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant.

Barker, 407 U.S. at 531.

In this case, Mr. Cavan was re-incarcerated in Canada on November 26, 2009, for violating his parole, based solely on the information provided by the Government to Canadian authorities concerning the filing of the indictment and the allegations contained therein. Moreover, it should be remembered that the only sentence Mr. Cavan was serving in Canada was the sentence imposed on him by the United States District Court for the District of Minnesota in 2006. At all times during the pendency of the instant indictment there existed an extradition treaty between the United States and Canada, which provided for the extradition of persons charged with violating the federal narcotics trafficking laws. Yet the government waited nearly three full years before requesting Mr. Cavan's extradition from Canada. Once the Government finally formally requested Mr. Cavan's extradition, it was promptly approved by the Minister of Justice, who signed Orders for Mr. Cavan's surrender to the United States. Importantly, the Minister of Justice gave his approval and signed the Orders even though Mr. Cavan still had two years to serve on his U.S.-imposed sentence. It is clear, therefore, that had the Government made a diligent, good-faith efforts to extradite Mr. Cavan, earlier, it would have been successful very quickly. The second factor, consequently, weighs heavily against the Government.

### 3.  Whether the Defendant Asserted His Right.

The third factor is neutral. Although Mr. Cavan did not demand a speedy trial before the Government finally requested his extradition, he also did nothing to during those three years to frustrate the Government's attempts to bring him to trial during that time. When he did object to

extradition after the Government finally sought his surrender, he did so largely based on the three-year delay that had already occurred.  This factor, therefore, should not be weighed against Mr. Cavan.

### 4. Mr. Cavan Suffered Actual and Presumed Prejudice as a Result of the Delay.

The Supreme Court has observed that "unreasonable delay between formal accusation and trial threatens to produce more than one sort of harm, including 'oppressive pretrial incarceration,' 'anxiety and concern of the accused,' and 'the possibility that the [accused's] defense will be impaired' by dimming memories and loss of exculpatory evidence."  Doggett, 505 U.S. at 654 (quoting Barker, 407 U.S. at 532).  The last of these, i.e. the possibility of impairment of the defense, is "the most serious . . . because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.'"  Doggett, 505 U.S. at 654 (quoting Barker, 407 U.S. at 532).

The Supreme Court has repeatedly held, however, that "consideration of prejudice is not limited to the specifically demonstrable, and . . . affirmative proof of particularized prejudice is not essential to every speedy trial claim."  Doggett, 505 U.S. at 655; Moore, 414 U.S. at 26; Barker, 407 U.S. at 533.  Indeed, the Court has "expressly rejected the notion that an affirmative demonstration of prejudice was necessary to prove a denial of the constitutional right to a speedy trial."  Moore, 414 U.S. at 26.  The Court has held, however, that "[w]hile such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other Barker criteria, it is part of the mix of relevant facts, and its importance increases with the length of the delay."  Doggett, 505 U.S. at 655-56.  That is, even were the court to conclude that the delay was the result of the Government's negligence, as opposed to being intentional, the weight assigned to the Government's negligence causing the delay "compounds over time as the presumption of evidentiary prejudice grows."  Id. at

657.  "Thus, [the] toleration of such negligence varies inversely with its protractedness . . . and its consequent threat to the fairness of the accused's trial."  Id.

In this case, Mr. Cavan has suffered actual and presumed prejudice.  The actual prejudice arises from the limited role he allegedly played in the charged conspiracy coupled with the delay in his extradition. Although the Government has provided recordings of some phone calls, it is believed there were other, unrecorded calls and communications between Mr. Cavan and the confidential sources and his alleged co-conspirators.  Because of the nearly three-year delay preceding the extradition request, Mr. Cavan' memory of the calls, communications, the circumstances under which they occurred, the parties who participated in them, and their precise subjects, has eroded to a large degree.  Mr. Cavan, therefore, has suffered actual prejudice as a result of the Government's thirty-four month delay in seeking his extradition.

The grounds for presuming prejudice are even stronger.  Indeed, in Doggett, the Court found that the Government's negligence delayed the defendant's trial for 6 years, which it said "far exceeds the threshold needed to state a speedy trial claim."  505 U.S. at 657-58 (noting also that the Court had "called shorter delays 'extraordinary'").  Accordingly, the Court concluded in Doggett that "[w]hen the Government's negligence thus causes delay six times as long as generally sufficient to trigger judicial review . . . and when the presumption of prejudice, albeit unspecified, is neither extenuated, as by the defendant's acquiescence, nor persuasively rebutted, the defendant is entitled to relief."  505 U.S. at 658.  Several courts have held that the prejudice presumed from a delay of three years or less weighs against the Government and required dismissal in light of all the Barker factors.  See Heshelman, 521 Fed. Appx. at 509; Erenas-Luna, 560 F.3d at 776; Ingram, 446 F.3d at 1337, 1338; Pomeroy, 822 F.2d 718; Moreno, 997 F. Supp. 2d at 174.  In fact, in Moore, the

Supreme Court implicitly found that the prejudice presumed from a three-year delay in extraditing the defendant from California to Arizona could be sufficient to warrant dismissal.  See 414 U.S. at 26-28.  In this case, the Government's delay in seeking Mr. Cavan's extradition from Canada resulted in a delay three times longer than generally sufficient to trigger the judicial review, thereby resulting in a strong presumption of prejudice.  The fourth factor, therefore, weighs heavily against the Government and in favor of finding a Sixth Amendment violation.

## <u>CONCLUSION</u>

Because all three non-neutral factors weigh against the Government, in that the delay was extraordinarily long, the delay was due entirely to the Government's failure to seek extradition, and the length and cause of the delay require a strong presumption of prejudice to Mr. Cavan's defense, his Sixth Amendment right to a speedy trial has been violated, and the indictment must be dismissed.

Respectfully submitted,

/S/ Arnold J. Levine
Arnold J. Levine (AL6819)
*Attorney for Han Cavan*