UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X   S1 09 Cr. 907 (LAP)
UNITED STATES OF AMERICA

              v.

HAN CAVAN,

                      Defendant.
------------------------------------------------------X

**AFFIDAVIT IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F. R. Cr. P. 12(b)(3)(A)(iii); 48(b)(3)**

Arnold J. Levine, being duly sworn, deposes and says:

1. I am an attorney duly licensed to practice before this Court and am a member of the Criminal Justice Act Panel for the Southern District of New York.

2. I am the attorney for the defendant, Han Cavan.

3. I have personal knowledge of the facts stated in this affidavit, which are based on, among other things, my review of filings in this matter, my independent investigation and research, my review of materials provided by the Government, my review of materials and documents provided by John Norris, the defendant's Canadian counsel in extradition proceedings, and my discussions with Han Cavan.

4. This affidavit is submitted in support of Mr. Cavan's Motion to Dismiss the Indictment, pursuant to the Sixth Amendment to the United States Constitution, filed today.

5. Mr. Cavan is, and was on all dated mentioned herein, a Canadian citizen. (<u>See</u> Affidavit of Han Cavan, attached as **Exhibit A.**)

6. On June 30, 2006, the defendant pleaded guilty in the United States District Court for the District of Minnesota to one Count of Possession with Intent to Distribute

1

MDMA ("Ecstasy"), under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  (See U.S. v. Cavan, 06 Cr. 92 [DFW] Doc. #42, attached as **Exhibit B**)

7. On November 20, 2006, the defendant was sentenced in the United States District Court for the District of Minnesota to a term of 117 months' incarceration to be followed by three years of Supervised Release.  (See U.S. v. Cavan, 06 Cr. 92 [DFW] Docs. #56 and 58, attached as **Exhibits C and D, respectively.**)

8. On June 26, 2008, with the consent and approval of the Department of Justice, Mr. Cavan was transferred to Canada to serve the remainder of his sentence, pursuant to the bilateral treaty between the United States of America and Canada for the transfer of prisoners.  (See **Exhibit A;** see also Decision of the Court of Appeal For Ontario at page 2, which can be found at attached as **Exhibit E**, can be found at http://www.ontariocourts.ca/decisions/2015/2015ONCA0664.htm,**.** .)

9. Approximately six weeks following his transfer to Canada, Mr. Cavan was granted accelerated day parole.  (See **Exhibits A;E at 2**.)

10.  As a condition of his day parole, Mr. Cavan was required to reside at a Salvation Army residence in Kitchener, Ontario, Canada.  (See **Exhibits A; E at 2.**)

11. On October 2, 2009, the Parole Board of Canada granted Mr. Cavan accelerated full parole.  (See **Exhibits A; E at 3.**)

12. As a condition of his full parole, Mr. Cavan was required to reside at a designated address in Kitchener and to report to the parole office is Guelph, Ontario, Canada. (See **Exhibits A; E at 3.**)

13. On November 19, 2009, the Government filed the one count indictment in the

        instant case against Han Cavan, and four other defendants.

14. The sole count of the indictment charged the five defendants with Conspiracy to violate the narcotics laws of the United States.

15. On November 26, 2009, upon reporting as required to the Guelph Parole Office, Mr. Cavan was arrested for violating the conditions of his parole.

16. The grounds for the alleged parole violation were the allegations in the instant indictment and information related thereto provided to Canadian authorities by the United States Drug Enforcement Administration.

17. Approximately ten weeks following the suspension of Mr. Cavan's parole, the Parole Board of Canada revoked Mr. Cavan's parole based on the allegations contained in the instant indictment.

18. Mr. Cavan, therefore, was committed to custody pursuant to his U.S.-imposed sentence, with an expiration date of July 27, 2015.

19. By Diplomatic Note date September 14, 2012, the United States finally made a formal request for the extradition of Mr. Cavan.  (See Diplomatic Note dated September 14, 2012, attached as **Exhibit F.**)

20. On December 13, 2012, an Authority to Proceed was issued by counsel Canada's International Assistance Group authorizing extradition proceedings against Mr. Cavan.  (See Letter dated December 12, 2013, from Minister of Justice to John Norris, at page 2, attached as **Exhibit G.**)

21. On March 1, 2013, at the request of the United States, Mr. Cavan was arrested on a warrant issued by a judge of the Ontario Superior Court of Justice pursuant to

the extradition treaty between the United States and Canada.  (See **Exhibit E at 4.)**

22. On June 7, 2013, Mr. Cavan consented to his committal and was committed to the custody of the Toronto West Detention Centre to await a decision by the Minister of Justice on the surrender of Mr. Cavan to the United States.  (See **Exhibit E at 4.)**

23. On August 30, 2013, John Norris, Canadian counsel for Mr. Cavan in the extradition proceedings, made submissions to the Minister of Justice requesting that the Minister of Justice deny the United States' request for extradition.

24. Mr. Norris objected to Mr. Cavan's extradition, in part, based on the nearly three-year delay by the United States in requesting extradition.  (See **Exhibit G at 4-7.**)

25. On December 12, 2013, the Minister of Justice advised Mr. Norris that the Minister had signed warranted ordering Mr. Cavan's surrender to the United States.  (See **Exhibit G.**)

26. On October 2, 2015, the Court of Appeal for Ontario denied Mr. Cavan's appeal of the Minister's decision.  (See **Exhibit E.**)

27. On or about November 5, 2015, Mr. Cavan was extradited to the United States.

28. Mr. Cavan remained incarcerated in Canada from November 26, 2009, until his eventual extradition on or about November 5, 2015.

29. At all times during the pendency of the instant indictment there existed an extradition treaty between the United States and Canada, which provided for the extradition of persons charged with violating the federal narcotics trafficking

laws.

30. In light of the Government's extraordinary and inexplicable post-indictment delay of nearly three years in requesting Mr. Cavan's extradition from Canada and the resulting prejudice to his ability to defend himself against the indictment, Mr. Cavan respectfully moves this Court to dismiss the indictment as to him under the Speedy Trial Clause of the Sixth Amendment and under the Due Process Clause of the Fifth Amendment.

31. Mr. Cavan further hereby gives notice of his intent to file Reply papers, in the event the Government opposes the Motion, and to supply evidentiary materials, as necessary, in support of this motion.

32. Mr. Cavan further respectfully requests oral argument on this motion in the event the motion is not granted summarily.

33. Should the Court deem it necessary, Mr. Cavan further requests that an evidentiary hearing be held on this motion.

DATED:   NEW YORK, NEW YORK
         February 12, 2016

                                    Respectfully Submitted and Sworn to This
                                    12th Day of February, 2016,

                                    /S/ Arnold J. Levine
                                    Arnold J. Levine (AL6819)
                                    *Attorney for Han Cavan*
                                    233 Broadway, Suite 901
                                    New York, New York 10279
                                    Tel:   212-732-5800
                                    Fax:   212-608-3280
                                    NYCcrimlaw@aol.com

7

5