

**U.S. Department of Justice**

Criminal Division

MEW:KJH:KS:ar
DOJ NO: 95-100-22793

| | |
|---|---|
| Office of International Affairs | Direct: (202) 305-1651 |
| 1301 New York Avenue, N.W. | Fax: (202) 514-0080 |
| Suite 800 | Email: Kirsten.Stolte@usdoj.gov |
| Washington, DC 20005 | |

November 8, 2013

<u>Via Email and Pouch</u>

Raphael Ali Jean-Pierre, Counsel
International Assistance Group
284 Wellington Street
Ottawa, Ontario K1A 0H8

      Re:    <u>United States Request to Canada for the Extradition of Han Cavan</u>

Dear Mr. Jean-Pierre:

      The following is in response to your request for further information about the procedural posture of this case:

      On November 19, 2009, an indictment was filed in the United States District Court for the Southern District of New York in Case Number 09 Cr. 1120 (PKC), charging John Mawhinney, Adam Kaup, Han Cavan, Jo Van Lo, and William Hicks with conspiracy to distribute. and possess with intent to distribute 5 kilograms and more of cocaine. The same day the indictment was filed, November 19, 2009, arrest warrants were issued by the United States District Court for the Southern District of New York commanding the arrest of Mawhinney, Kaup, Cavan, Van Lo, and Hicks.

      On or about November 23, 2009, Mawhinney and Kaup were arrested pursuant to a criminal complaint issued on November 18, 2009, in the United States District Court for the Western District of New York. Mawhinney and Kaup were subsequently transferred to the Southern District of New York pursuant to Federal Rule of Criminal Procedure 5.

      On or about December 10, 2009, Mawhinney and Kaup were arraigned before the Honorable Andrew J. Peck, United States Magistrate Judge for the Southern District of New York.

1

Mawhinney and Kaup pled not guilty to the indictment and were ordered detained pending trial. On or about December 16, 2009, Mawhinney and Kaup appeared before the Honorable P. Kevin Castel for an initial pretrial conference, at which a second pretrial conference was scheduled for January 29, 2010. In the meantime, on or about January 5, 2010 and January 25, 2010, Mawhinney proffered with the Government. On or about January 26, 2010, Kaup proffered with the Government. The Government sought to obtain Mawhinney's and Kaup's cooperation in the hope that their cooperation, although not necessary, would strengthen the evidence against their co-defendants and thus buttress the Government's request that the co-defendants be extradited from Canada.

On or about January 29, 2010, Mawhinney and Kaup appeared before Judge Castel for a pretrial conference. On or about February 9, 2010, Mawhinney pled guilty to Count One of the Indictment pursuant to a plea agreement. On or about February 25, 2010, Kaup pled guilty to Count One of the Indictment pursuant to a plea agreement. Ultimately, however, neither Mawhinney nor Kaup agreed to cooperate with the Government.

On or about June 8, 2010, Kaup was sentenced to 70 months' imprisonment and three years of supervised release. On or about June 25, 2010, Mawhinney was sentenced to 76 months' imprisonment and three years' supervised release. The above-described process of debriefing Kaup and Mawhinney delayed the extradition request submission because the Government was hopeful that at least one of the defendants would cooperate against Cavan, Van Lo, and/or Hicks, and that the information obtained from either of the defendants could be included in the extradition request. Thus, no submission was made pending the resolution of their cases.

During this entire time period, Cavan had been incarcerated in Canada. Cavan had served a portion of a U.S. sentence in the United States, but was ultimately returned to Canada pursuant to a prisoner transfer on or around June 19, 2008. Following his transfer to Canada, we believe that he was paroled under Canadian laws. While on parole, he committed the offenses for which he is charged in the instant indictment. It is our understanding that he was arrested by Canadian authorities after the U.S. indictment was filed because parole authorities in Canada considered those acts to be a violation of the terms of his parole. While working on the extradition request, we learned that Cavan was in Fenbrook Institution, with a projected release date of September 2013.

Once the charges against Mawhinney and Kaup were resolved, on September 13, 2010, the AUSA from the Southern District of New York[1] sent a draft request for the extradition of Cavan to the Office of International Affairs, and I was assigned to handle the request. The initial request was for Cavan, Van Lo and Hicks. The AUSA assigned to the matter was handling numerous other matters, and he was aware that Cavan was incarcerated in Canada with a probable release date of September 2013. The AUSA and OIA also tried to determine whether the Canadian conviction was based on the same conduct that comprised the US charges, which took some time, as did perfecting

---

[1] The prosecutor initially assigned to this matter is no longer employed at the Department of Justice.

the identification portion of the request. Between September 2010 and November 2011, the AUSA and I exchanged drafts of the request. On or about November of 2011, we learned that an AUSA from the Western District of New York was working on an extradition request for one of Cavan's co-defendants, Hicks, whose extradition the SDNY was also seeking along with Cavan. We decided hold the Cavan request so the two related requests could be considered together. The request for Hick's extradition was sent to Canada in or about June of 2012 and the request for Cavan's extradition was sent to Canada in or about August 2012. Upon review of the request, the International Assistance Group in Canada sought more information from the AUSA, and the AUSA amended the Record of the Case to include the new information. The amended ROC was sent to Canada on or about December 3, 2012.

Ultimately, we feel that the facts demonstrate that the United States acted in an entirely reasonable manner. Cavan was incarcerated in Canada, where he had been subjected to incarceration because Canadian authorities determined that he violated his conditions of release for the transferred sentence. There was no urgency to seeking extradition, as Cavan would have to serve out his sentence in Canada before he could be extradited to the U.S. (unless he were temporarily surrendered, which the U.S. did not intend to seek). In addition, the AUSA was entirely justified in trying to obtain additional evidence in support of the charges prior to seeking extradition, particularly in view of the high standard of proof required for extradition from Canada. Finally, the AUSA of course had to attend to other matters, prepare a sufficient extradition request in consultation with OIA, and coordinate with the request being made for a codefendant. In sum, the AUSA used his available resources reasonably, and sought the extradition of three defendants from Canada as quickly as was prudent under the circumstances.

Finally, we would observe that delay is not a ground for refusal under the extradition treaty. Instead, upon extradition, Cavan will have a full and fair opportunity to raise any issues regarding delay before the U.S. courts. Under the Sixth Amendment to the United States Constitution, an accused person has the right to a speedy trial. Thus, Cavan will be able to raise the issue of delay, and any alleged violation of his rights, once he is in the U.S., where the U.S. court will be able to fully review the record (which includes various Orders and findings by the Court excluding certain time periods from a speedy trial calculation), receive testimony and exhibits if necessary, and make a determination as to whether his speedy trial rights have or have not been violated under the circumstances of this case. The factors that the Court balance in making a determination as to whether a speedy trial violation has occurred are: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." We would respectfully submit that this type of issue can be most fully and effectively addressed by the U.S. courts using the fact gathering powers described above. Accordingly, we urge that the United States judicial system, in particular, the federal district court in SDNY, have the opportunity to address any claims of this nature Cavan might present.

Given that, in our view, the U.S. government actions taken here were entirely reasonable under the circumstances, as well as the fact that delay is not a basis for refusal of extradition under the treaty, before it is used or disseminated, we would like to be advised of the reason for your request for this information and the manner in which you intend to use it. Feel free to contact me at any time in order to discuss this matter further.

Sincerely,

Mary Ellen Warlow
Director

By: *[signature: Kirsten Stolte by KH]*

Kirsten Stolte
Trial Attorney

4