

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

June 10, 2016

**BY ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     **United States v. Han Cavan, 09 Cr. 1120 (PKC)**

Dear Judge Castel:

In response to questions raised by the Court during oral argument on April 22, 2016 and arguments advanced by defendant Han Cavan's counsel, the Government respectfully submits this supplemental response in further opposition to Cavan's motion to dismiss the Indictment on speedy trial grounds.

## I.     Cavan Would Have Been Incarcerated in Canada Until At Least July 2015 Regardless of When the Government Sought His Extradition

As set forth in the Minister's December 12, 2013, surrender decision, the Minister expressly acknowledged that he had the authority to order that Cavan be extradited to the United States before his Canadian parole sentence expired, but elected not to do so. *See* Dec. 12, 2013, Minister surrender dec'n, Dkt. No. 72, attachment to April 24, 2016, Gov't ltr. to Court, at 6. Both the Minister and the Canadian Court of Appeal correctly observed, pursuant to Section 64 of the Canadian Extradition Act, that the surrender order does not take effect – and therefore Cavan would not be released – until after Cavan's parole sentence expired. *See id.* ("With respect to persons sought serving sentences in Canada, I note that section 64 of the Act provides that, unless I order otherwise, a surrender order does not take effect until after the person has been discharged whether by expiry of the sentence or otherwise.  Your [Cavan's] materials indicate that Mr. Cavan was not eligible for statutory release until September 5, 2013, and that his sentence does not expire until July 27, 2015."; Court of Appeal dec'n, Dkt. No. 67, Ex A, at 30 (quoting the same).  Therefore, regardless of when the Government perfected its extradition request, Cavan would have been incarcerated in Canada until July 25, 2015, in any event.

Following the April 22, 2016, oral argument in this case, the Department of Justice, Office of International Affairs ("OIA") contacted Canadian authorities, which represented that is entirely within the discretion of the Canadian Minister of Justice whether to issue what is known

The Honorable P. Kevin Castel
June 10, 2016
Page 2 of 3

as a "prevailing order," pursuant Section 64 of the Extradition Act, directing that the defendant's surrender prevails over the Canadian charges or sentence, and the defendant can be surrendered for extradition.  Canadian authorities have further represented that where, as here, the conduct underlying Cavan's Canadian parole violation was substantially the same as the conduct for which his extradition was sought, there was no basis for such an order.

When the U.S. Attorney's Office circulated its initial draft of the extradition request to OIA in September 2010, *see* Nov. 8, 2013 OIA letter, Dkt. No. 67, Ex. B at 1, the U.S. Government understood that Cavan would be incarcerated in Canada in any event until no earlier than September 2013.  *See id.* at 1-3.  Accordingly, there was no urgency in seeking Cavan's extradition.  *Id.*

## II.     Cavan's Conduct Was the Cause of the Purported Delay

The Minister and the Canadian Court of Appeal made clear that Cavan's violation of his parole was an offense entirely separate from the offense charged in the Indictment.   In fact, Cavan's parole violation was based upon not only his engaging in the narcotics conspiracy charged in the Indictment, but also his associating with drug traffickers. *See* Court of Appeal dec'n, at 10 ("[Cavan's] materials reveal that Mr. Cavan's parole was not only revoked by the [parole board] because of information suggesting his involvement in drug trafficking but also because he violated a condition of his parole not to associate with a certain individual or individuals.  Moreover, the delay in seeking Mr. Cavan's extradition did not bring about the parole suspension; it was Mr. Cavan's alleged conduct itself.").  It was Cavan's conduct – and not any action or inaction by the Government – that was the sole cause of his parole violation. *Id.* ("[Cavan's] submissions are to the effect that the delay [in seeking extradition] caused Mr. Cavan to be re-incarcerated for at least three years as a result of his parole having been suspended and revoked by order of the Parole Board of Canada (PBC).  However, [Cavan] ha[s] not presented any evidence to suggest that the U.S. authorities were involved in the parole suspension or revocation proceedings in Canada, other than to provide information to Canadian officials . . . .").  Similarly, Cavan never sought judicial review of his parole violation.  *Id.* at 25 ("The extradition partner has no status before the [Parole] Board.  [Cavan] had the right to appeal or judicially review the Board's decision but chose not to do so.").

After the Minister issued its December 12, 2013 surrender order, Cavan spent nearly the next two years challenging that order so that he would not face charges in the Southern District of New York.  Cavan sought judicial review of the December 12, 2013, decision of the Minister of Justice to order his surrender to the United States and could not be surrendered until there was a final decision on his application for judicial review.  The Court of Appeal affirmed the Minister's surrender order in October 2015, which postdated the July 2015 expiry of the sentence he was serving in Canada.  On October 16, 2015, OIA was advised that Cavan would not be seeking leave to appeal to the Canadian Supreme Court and that arrangements could then be made for his removal.  It was only after Cavan indicated that he would not seek such leave that he could be removed.  Cavan was ultimately removed on November 5, 2015.

Thus, in these circumstances, and as reflected in the Canadian Minister's and Court of Appeal's decisions, no part of the purported delay between Cavan's indictment and the

The Honorable P. Kevin Castel
June 10, 2016
Page 3 of 3

defendant's extradition can be attributed to the Government.  The Government acted in an entirely reasonable manner.  At bottom, as the Court of Appeal correctly concluded, "[i]t was [Cavan's] own conduct that compromised his conditional liberty, not the fact of extradition proceedings or any delay in initiating them."  *Id.* at 28.

\*                    \*                    \*

Accordingly, for the reasons set forth herein and in the Government's March 4, 2016 memorandum of law in opposition to Cavan's motion to dismiss the Indictment, Dkt No. 67, all four of the *Barker* factors – (1) the length of the delay; (2) the reason for the delay; (3) the defendant's demand for a speedy trial; and (4) any prejudice to the defendant – favor the Government and weigh decidedly in favor of denying Cavan's motion.  Cavan's motion to dismiss should be denied.

Respectfully submitted,

PREET BHARARA
United States Attorney
Southern District of New York

By:    /s/ *Edward Imperatore*
       Edward A. Imperatore
       Assistant United States Attorney
       Southern District of New York
       (212) 637-2327

cc:  Arnold Levine, Esq.